# In the United States Court of Federal Claims

**No. 03-2830V**
Filed: November 26, 2013
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
MARK WAX and MELANIE WAX,           *
as the Parents and Natural Guardians of *
ANDREW WAX, a Minor,                *
                                    *       Autism; Attorneys' Fees and Costs
                Petitioners,        *
                                    *
        v.                          *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES                      *
                                    *
                Respondent.         *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION AWARDING ATTORNEYS' FEES AND COSTS [1]

On November 21, 2013,[2] petitioners filed an unopposed motion for award of final attorneys' fees and reimbursement of costs in this case. Respondent has reviewed the motion and does not object. Petitioners seek the cost of the filing fee, $250.00. In lieu of filing a Vaccine General Order #9 statement, petitioners' counsel represents that he will reimburse petitioners any costs that petitioners personally incurred that are compensable under § 15 (e)(1).

**The request for attorneys' fees and costs is granted.** Petitioners are awarded reasonable costs pursuant to §§ 15(b) and (e)(1), as I find that the filing of the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] Although this motion was filed more than 180 days after judgment was entered as required by Vaccine Rule 13(a), the parties have been in the process of negotiating attorneys' fees and costs for all of Mr. London's autism cases and respondent's counsel has no objection to the late filing. Thus, I will allow petitioners' motion.

petition was in good faith and upon a reasonable basis, and the amount requested is reasonable and appropriate.

**Pursuant to §15(e), I award a lump sum of $250.00[3] to be paid in the form of a check payable jointly to the petitioners and petitioners' counsel, Douglas & London, P.C.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the Clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Denise K. Vowell
Denise K. Vowell
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Dep't Health and Human Services, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. See Vaccine Rule 11(a).